IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES HAWKINS JR. #780769 | § | |
| v. | § | CIVIL ACTION NO. 9:08cv8 |
| WARDEN RICHARD ALFORD, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff James Hawkins Jr., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hawkins says that he has been "repeatedly threatened with harm." He states that Warden Alford threatened his life and that Warden Hirsch said that he was not concerned about Hawkins' safety and would not transfer him to another unit. Hawkins also says that Major Hutchinson said that "he would be hurt" if he continued to complain, that Captain Bryant told him that he "has no rights at this unit" and threatened to hurt him if he did not submit to a strip search in front of a female guard, and that Captain Wickersham and Captain Hutto have threatened to attack him.

Hawkins also contends that Lt. Harris threatened him with force to get him to submit to a strip search in front of a female guard, Lt. Lawrence threatened him with force, Lt. Luna sexually harassed him in some unspecified way, Lt. Tames threatened him and had a guard write a false report against him, Sgt. Neal has threatened to "assault plaintiff of/with a verbal instruction," Sgt. Brewer has given him orders in an aggressive manner and told him that he, Brewer, could "jump" Hawkins or have someone else do it, Sgt. Charlie has told him that his complaining will only make her "come

down harder" on him, Sgt. Rains has committed unspecified acts which endanger his life, and the grievance investigators have disregarded all of his complaints.

Hawkins asserts that these actions have been going on for some 20 months, and began when he said that he was going to inform the Texas Legislature and the Internal Revenue Service about "daily acts of embezzlement" from the state budget, and that he was going to report the "daily commission of crimes," including perjury, prostitution, and assault, to law enforcement agencies. Hawkins concedes that he has not yet suffered any harm, but speculates that this is because he has not actually filed any complaints outside of TDCJ except for one criminal complaint in Polk County, for which prosecution was declined. He says that some of the defendants have told him that they "are not afraid of the federal courts" because the courts are not going to punish them for whatever they do in prison.

After review of the pleadings, the Magistrate Judge issued a Report on March 5, 2008, recommending that the lawsuit be dismissed. The Magistrate Judge noted that Hawkins has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim, and he is therefore subject to the "three strikes" bar of 28 U.S.C. §19156(g). Consequently, Hawkins cannot proceed under the *in forma pauperis* statute unless he shows that he is in imminent danger of serious physical injury.

In the present case, the Magistrate Judge said, the "imminent danger" about which Hawkins contains is a series of alleged threats. However, Hawkins made no showing that these threats have been carried out, or even that they are likely to be carried out, inasmuch as he says that these conditions have been ongoing for almost two years. The Magistrate Judge observed that the Fifth Circuit has held that "mere threatening gestures and language" by a correctional officer does not set out a constitutional violation, and that Hawkins' vague and conclusory allegations that he is in imminent danger were not enough to evade the Section 1915(g) bar. *See* Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (threat of imminent danger, for Section 1915(g) purposes, must be "real and proximate;") Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (allegation that

prisoner had been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," was not sufficient to allege "imminent danger" for purposes of Section 1915(g)).  The Magistrate Judge therefore recommended that Hawkins' *in forma pauperis* status be revoked and that Hawkins' lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee.

Hawkins filed objections to the Magistrate Judge's Report on April 5, 2008.  In his objections, he first says that under the *in forma pauperis* statute, prisoner lawsuits are not supposed to be dismissed simply because they cannot pay the fee, and that cases should not be dismissed for non-payment when the prisoner has taken those steps within his control to make the payment. However, Hawkins overlooks the fact that he cannot proceed under the *in forma pauperis* statute because he has three strikes under Section 1915(g).  These objections are without merit.

Next, Hawkins says that Section 1915(g) is "one of the most damaging and unfair provisions of the PLRA."  Notwithstanding Hawkins' opinion in this matter, the Fifth Circuit has upheld the validity of Section 1915(g).  *See* Adepegba v. Hammons, 103 F.3d 383, 386-87 (5th Cir. 1996).  This contention is without merit.

Finally, Hawkins argues that he is in imminent danger of serious bodily injury because he knows of other prisoners whom the defendants have assaulted.  He argues that "the risk of future injury" is sufficient to invoke the imminent danger exception, but makes no showing that any alleged "future injury" is real or proximate.  Hawkins asserts that the threats which have been directed at him amount to "terroristic threats" under Texas law, although he does not show that any of the defendants whom he names have been convicted of making terroristic threats.  Instead, Hawkins' allegations are akin to those in Abdul-Akbar, in which allegations that prison officials were engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation" were not sufficient to show imminent danger for purposes of Section 1915(g).  Hawkins' objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's complaint and pleadings, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the $350.00 filing fee. Should Hawkins pay the full filing fee within 30 days after the entry of final judgment, the lawsuit shall proceed as though the full filing fee had been paid from the outset; however, payment of the full filing fee would not affect a frivolousness analysis, nor would it affect the question of exhaustion of administrative remedies. Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **May, 2008.**

_____
Ron Clark, United States District Judge